UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD CAMPBELL AND ANGELA DENISE CAMPBELL, A/N/F J.E.C., A MINOR,<br><br>    Plaintiffs,<br><br>v.<br><br>COPPELL INDEPENDENT SCHOOL DISTRICT,<br><br>    Defendant. | §§§§§§§§§§§§§§ | No. 3:23-CV-00771-E |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, Plaintiffs John Edward Campbell and Angela Denise Campbell, as next friend to their minor child, J.E.C. (collectively "Plaintiff"), to file this *Complaint* against the Defendant Coppell Independent School District ("District") as follows:

### A.   NATURE OF SUIT

1. At all times relevant, Plaintiff J.E.C. was a student in the Coppell Independent School District. While under the supervision of Defendant, Plaintiff J.E.C. was discriminated against. Plaintiff J.E.C.'s high school chemistry teacher at New Tech High @ Coppell was using the output trying to put pressure on the Texas Education Agency to change science curriculum in Texas. This assignment was a recommendation to science teachers from the American Chemical Society. On October 20, 2021, this teacher gave her class, which include the Plaintiffs' child, an assignment to research and write about diverse atomic theory scientists. The teacher provided clarification of what was meant by "diverse" by

stating to the class that they can pick any scientist other than an "old dead white guy." Plaintiffs complained to administration at the New Tech High @ Coppell that this assignment was in violation of Texas House Bill 3969 because the teacher was delivering a discriminatory lesson plan. This is consistent with the Science Curriculum Director, Evan Whitfield's attitude on the subject. He has been documented stating about the state prohibition on teaching critical race theory "We've gotten around it by saying, 'we're just not teaching that." Defendant did not respond to this complaint. Plaintiffs requested a transfer of campuses for J.E.C. Weeks later, a New Tech High @ Coppell administrator retaliated against Plaintiffs for complaining about this assignment. The retaliation included abusing the District's anti-bullying tipline to manufacture an allegation against J.E.C. and subsequently using it to remove him to a disciplinary alternative education placement. Plaintiffs believe their son was treated in a discriminatory manner because of his race and/or his gender. Plaintiffs believe multiple District employees retaliated against Plaintiffs and/or their son for their earlier complaint about the science assignment referenced supra. The discrimination as to Plaintiff J.E.C. was harmful to him as the course of his education was irreparably and negatively altered and his record of zero disciplinary history ruined. As a result, Plaintiff J.E.C. was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior.

2. Plaintiffs now file this action for relief pursuant to 42 U.S.C. § 2000d et. seq., 20 U.S.C. §1681(a), and 42 U.S.C. § 1983 with regard to the violations of the laws of the United States, the denial of Plaintiff J.E.C.'s equal protection rights, procedural due process violations, and substantive due process violations under the Fourteenth Amendment to the

U.S. Constitution.

## B. PARTIES

3. Plaintiff J.E.C. is an individual residing in Texas. J.E.C. is a minor, and this matter is being asserted by his parents John Edward Campbell and Angela Denise Campbell as J.E.C.'s, next friend. Because of the privacy issues involved in this matter, J.E.C. is hereby exercising his right to proceed with this matter anonymously.

4. The need to protect the identity of J.E.C. (being a minor) shall not hinder the defense of this matter, for the facts are well known to the Defendant. When applying the balancing tests to determine the needed protection of the minor versus the small inconvenience to the Defendant, the protection of the minor prevails.

5. At such time as the Court might agree on procedures designed to protect the privacy of Plaintiff J.E.C.'s identity shall be disclosed.

6. Defendant is a public school district operating in the State of Texas as a political subdivision of the state of Texas.

## C. JURISDICTION and VENUE

7. The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331 as involving a *federal question* proceeding arising under 42 U.S.C. § 2000d et. seq. and Section 1983 of Title 42 of U.S.C. ("Section 1983").

8. Venue is proper in Dallas County, Texas because Defendant's conduct occurred in Dallas County, Texas at the time of the incident. Venue is also proper in Dallas, Texas because all of the behavior alleged occurred in Dallas County, Texas.

## D. FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff J.E.C. was a student in the Coppell Independent School

District. While under the supervision of Defendant, Plaintiff J.E.C. was discriminated against.

10. The background of this proceeding is about a high school chemistry teacher trying to put pressure on the Texas Education Agency to change science curriculum in Texas. This assignment was a recommendation to science teachers from the American Chemical Society. On October 20, 2021, a teacher gave her class, which include the Plaintiffs' child, an assignment to research and write about "diverse" atomic theory scientists. The teacher providing clarification for what was meant by "diverse" by stating to the class that they can "pick any scientist other than an 'old dead white guy.'"

11. The Plaintiffs' son felt very uncomfortable with an assignment that was exclusively based on race and gender and specifically discriminated against him on the basis of race and gender. He felt hesitant to speak about this until he finally told the Plaintiffs on December 14, 2021 when they inquired why he seemed no longer interested in school. The Plaintiffs notified the District of this issue immediately. From what the Plaintiffs could tell at that time, the District did not take any action to address this issue, even though the assignment completion deadline was still outstanding.

12. On December 17, 2021, when the Plaintiffs did not receive any response from the District about their concerns, the Plaintiffs applied for a transfer to another campus for their son and that transfer was granted.

13. Weeks later, on January 3, 2022, the assistant principal from New Tech High @ Coppell, Ms. Raheela Shaikh ("Shaikh"), handled an alleged report, on a third-party platform for safety reports called StopIt Solutions. The allegation was that Plaintiffs' son made a threatening comment a month prior to the report on Discord, a third-party social media

group. Discord is unaffiliated with the District and is organized and managed by children.

14. On January 3, 2022, the District Safety and Security Coordinator, Rachel Freeman ("Freeman"), found that the report of the allegation against Plaintiffs' son lacked "imminence" and therefore was unfounded. Freeman closed the tip and removed Shaikh from being assigned to the report in the StopIt Solutions system.

15. On January 3, 2022, the local police found that no offense occurred, and filed a written report that same day concluding that the allegation was unfounded. The police speculated that the tip was submitted with the intent to harm J.E.C. and inquired if Plaintiffs suspected anyone.

16. On January 3, 2022, Shaikh pursued action against Plaintiffs' child in direct opposition of the findings by law enforcement and Freeman, detailed supra. The District removed Plaintiffs' son from his campus to a disciplinary placement, despite Plaintiffs providing the written findings of law enforcement and the security officer.

17. It is the Plaintiffs' contention that the District staff mishandled every part of these steps and engaged in misconduct against their son. Plaintiffs believe that multiple District employees acted outside of their scope of employment duties to harm their son. Plaintiffs believe that multiple District employees created false government records. Plaintiffs believe that multiple District employees intentionally provided false information to law enforcement against their son. Plaintiffs believe their son was treated in a discriminatory manner because of his race and/or his gender. Plaintiffs believe multiple District employees retaliated against Plaintiffs and/or their son for their earlier complaint about the science assignment referenced supra.

18. The discrimination and retaliation as to Plaintiff J.E.C. was harmful to him. The course of

his education was negatively and irreparably altered. He was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior.

19. Such emotional and mental harm resulted from Plaintiff J.E.C. not being able to receive and benefit from the educational opportunities offered to the other students in J.E.C.'s District, not being eligible for school in the State of Texas due to the retaliatory placement order, his mother's resignation from the District, and the sale of his childhood home.

20. Further, the retaliatory placement order such continues to prevent Plaintiff J.E.C. from being able to receive and benefit from the educational benefits offered to the other students not only within the district, but the State of Texas in its entirety, causing persistent emotional and mental harm.

21. As a direct result of J.E.C. being permanently labeled, scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory behavior and acts, Plaintiff J.E.C.'s emotional and mental health is likely to continue to deteriorate.

22. Plaintiffs now file this action for relief pursuant to 42 U.S.C. § 2000d et. seq. and 42 U.S.C. § 1983 with regard to the violations of the laws of the United States, the denial of Plaintiff J.E.C.'s equal protection rights, procedural due process violations, and substantive due process violations under the Fourteenth Amendment to the U.S. Constitution.

### E.   LEGAL AUTHORITY

23. No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.   42 U.S.C. § 2000d.

24. For the purposes of Chapter 21, Subchapter V of 42 U.S.C., "Education and training

programs and activities'' include, but are not limited to, formal schools, extracurricular activities, academic programs, occupational training, scholarships and fellowships, student internships, training for industry members, summer enrichment camps, and teacher training programs. 42 U.S.C. § 2000d. n.2-202.

25. Regarding discrimination on the ground of race color, or national origin, "No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part." 34 C.F.R. 100.7(e).

26. "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…" 20 U.S.C. §1681(a).

27. "For purposes of this chapter [38 of 20 U.S.C.] an educational institution means any public or private preschool, elementary, or secondary school, or any institution of vocational, professional, or higher education…" 20 U.S.C. §1681(c).

28. Regarding discrimination on the ground of sex, "No recipient or other person may intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by title IX or this part, or because the individual has made a report or complaint, testified, assisted, or participated or refused to participate in any manner in an investigation, proceeding, or hearing under this part." 34 C.F.R. 106.71(a).

## SECTION 1983

29. School children do not shed their constitutional rights at the schoolhouse door. *Tinker v.*

*Des Moines School Dist.*, 393 U.S. 503, 506 (1969). "The Fourteenth Amendment, as now applied to the States, protects the citizen against the State itself and all of its creatures – Boards of Education not excepted." *West Virginia Board of Education v. Barnette*, 319 U.S. 624, 637 (1943).

30. The Fourteenth Amendment to the United States Constitution forbids the State to deprive any person of life, liberty, or property without due process of law. *Goss v. Lopez*, 419 U.S. 565, 572 (1975). When a state statute directs local authorities to provide a free education to all children and a compulsory-attendance law requires attendance for school, school children plainly have legitimate claims of entitlement to a public education. *Id.* at 573.

31. The State is constrained to recognize a student's legitimate entitlement to a public education as a property interest which is protected by the Due Process Clause. *Goss at* 574; and *see New Braunfels Indep. Sch. Dist. v. Armke*, 658 S.W.2d 330, 332 (Tex.—Waco 1983, no writ.) (quoting Goss v. Lopez). The Due Process Clause also forbids arbitrary deprivations of liberty. *Id.*

32. Article VII, section 1 of the Texas Constitution confers the right on school children for a public free school. *Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 774 (Tex. 2005).

33. To fulfill the constitutional obligation under the Texas Constitution, Article VII, section 1 to provide a general diffusion of knowledge, districts must provide all Texas children access to a quality education that reasonably enables them to achieve their potential and fully participate now and in the future in the social, economic, and educational opportunities of our state and nation. *Neeley v. W. Orange-Cove Consol. Indep. Sch. Dist.*, 176 S.W.3d 746, 787 (Tex. 2005) (citing Tex. Educ. Code §§ 4.001(a) and 28.001.)

34. Section 1983 of Title 42 of the United States Code provides, in part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…"

35. Defendant's described acts and omissions as to Plaintiff J.E.C. were committed under the color of law and resulted in the violation of Plaintiff J.E.C.'s rights under:

    (a) The procedural due process requirements of the United States Constitution as set forth in the Fourteenth Amendment, in violation of J.E.C.'s rights.

    (d) The substantive due process requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of J.E.C.'s rights.

    (e) The equal protection requirements of the United States Constitution set forth in the Fourteenth Amendment in violation of J.E.C.'s rights.

Hereafter, the foregoing shall be collectively referred to as the "Section 1983 Violations."

## COPPELL ISD BOARD OF TRUSTEES OFFICIAL POLICIES

36. Coppell Board Policy Manual contains Policy FO (LEGAL) which states "The board shall adopt a Student Code of Conduct for a district, with the advice of its district-level committee." This policy contains nine requirements, none of which addresses a prohibition against the use of discipline with a student as a form of impermissible retaliation for reporting that a teacher engaged in discriminatory conduct towards the student.

37. Coppell Board Policy Manual contains Policy FO (LOCAL) which states "The District's rules of discipline are maintained in the Board-adopted Student Code of Conduct and are

established to support an environment conducive to teaching and learning." This policy contains general discipline guidelines, none of which addresses a prohibition against the use of discipline with a student as a form of impermissible retaliation for reporting that a teacher engaged in discriminatory conduct towards the student.

38. Coppell Board Policy Manual contains Policy FOC (LEGAL) which states "Before ordering removal to a DAEP [disciplinary alternative education program], the CBC [campus behavior coordinator] must consider whether the student acted in self-defense, the intent or lack of intent at the time the student engaged in the conduct, the student's disciplinary history, and whether the student has a disability that substantially impairs the student's capacity to appreciate the wrongfulness of the student's conduct, regardless of whether the decision of the behavior coordinator concerns a mandatory or discretionary action." This policy contains mitigating factors, none of which addresses a prohibition against the use of discipline with a student as a form of impermissible retaliation for reporting that a teacher engaged in discriminatory conduct towards the student.

39. Coppell Independent School District 2021-2022 Student Code of Conduct states "The principal and other school administrators as appropriate shall report crimes as required by law and shall call local law enforcement when an administrator suspects that a crime has been committed on campus." This provision fails to address the prohibition against the District coercing, intimidating, threatening, retaliating or discriminating against, or interfering with any person who attempts to assert a right protected by the above laws or cooperates with investigation and enforcement proceedings regarding discrimination.

40. Coppell Independent School District 2021-2022 Student Code of Conduct states "A student must be placed in a DAEP" for various listed offences. This provision contains mitigating

factors, none of which addresses a prohibition against the use of discipline with a student as a form of impermissible retaliation for reporting that a teacher engaged in discriminatory conduct towards the student.

### F.   Harm suffered by Plaintiff J.E.C.

41. The discrimination as to Plaintiff J.E.C. was, emotionally and mentally harmful to him and he was permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory actions and behavior.

42. Such emotional and mental harm resulted in Plaintiff J.E.C. not being able to receive and benefit from the educational opportunities offered to the other students in J.E.C.'s District.

43. Further, such emotional and mental harm continues to prevent Plaintiff J.E.C. from being able to receive and benefit from the educational benefits offered to the other students within Defendant independent school district.

44. As a direct result of J.E.C. being permanently scarred emotionally and mentally as a result of being the victim of the Defendant's discriminatory behavior and acts, Plaintiff J.E.C.'s emotional and mental health is likely to continue to deteriorate.

### G.   PLAINTIFF'S CAUSES OF ACTION

45. Plaintiff J.E.C. incorporates by reference the facts and authorities set forth in the foregoing sections hereof.

46. Defendant's Board of Trustees adopted a policy or custom with deliberate indifference that was the moving force behind Defendant's violation of J.E.C.'s constitutional rights. Defendant's Board of Trustees adopted Policy FO (LEGAL), Policy FO (LOCAL), and Policy FOC (LEGAL) which provide for the discipline of students without regard to a prohibition against retaliating against a student for asserting his rights to not being

      discriminated against.

47. Defendant's described acts and omissions as to Plaintiff J.E.C. were discriminatory under 42 U.S.C. § 2000d, 20 U.S.C. §1681(a), 34 C.F.R. 100.7(e), and 34 C.F.R. 106.71(a) because he was unable to access his educational program because of he was retaliated against for reporting his teacher's discriminatory conduct towards him based on his race or color and his sex.

48. Defendant's Section 1983 Violations as to Plaintiff J.E.C. were committed under the color of law and resulted in the violation of Plaintiff J.E.C.'s procedural and substantive due process rights, and equal protection rights, afforded J.E.C. under the United States Constitution and other federal laws.

49. Plaintiff J.E.C. has suffered emotional, and psychological harm and damages as a result of the Section 1983 violations set forth herein and committed by Defendant entitling J.E.C. to compensatory damages (actual and consequential) pursuant to Section 1983, for which Plaintiff J.E.C. now sues.

## H.  REQUEST FOR JURY

50. Plaintiff hereby requests that a jury be empaneled, and, that theforegoing causes of actions and requests for relief be presented thereto.

## I.  PRAYER FOR RELIEF

51. Wherefore, premises considered, Plaintiffs pray that upon final consideration of this matter that Plaintiff J.E.C. have judgment against Defendant for:

      a. Monetary damages;

      b. Reasonable and necessary attorneys' fees;

    c. Taxable expenses of litigation and costs of court; and,

    d. Post-judgment interest at the maximum lawful rate.

52. Plaintiffs further pray that Plaintiff J.E.C. receive such other and further relief to which he may be justly entitled.

Respectfully submitted,

DUFFEE + EITZEN LLP

/s/George Shake
George H. Shake
4311 Oak Lawn Avenue, Suite 600
Dallas, Texas 75219
Bar No. 24077524
Tel: (214) 416-9010
Fax: (214) 416-9005
george@d-elaw.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

On June 22, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

ABERNATHY, ROEDER, BOYD &
HULLETT, P.C.
Charles J. Crawford
1700 Redbud Blvd., Suite 300
McKinney, Texas 75070

/s/George Shake
George H. Shake
Attorney for Plaintiffs