IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN EDWARD CAMPBELL et al., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 3:23-CV-00771-E |
| COPPELL INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Coppell Independent School District (CISD)'s Second Motion to Dismiss, which seeks to dismiss Plaintiffs' claims under 42 U.S.C. §2000d, 20 U.S.C. §1681, and 42 U.S.C. §1983. (ECF No. 26). Having carefully considered the motion, the parties' briefing, and applicable law, the Court concludes CISD's Motion to Dismiss should be GRANTED.

### I. BACKGROUND

**A. J.E.C., Chemistry Teacher's Statements, and Threat of Violence**

J.E.C. was a student in the CISD, and he attended New Tech High @ Coppell—a high school within CISD. (ECF No. 10 at 1-4). On October 20, 2021, J.E.C.'s teacher allegedly instructed:

> an assignment to research and write about "diverse" atomic theory scientists. The teacher providing clarification for what was meant by "diverse" by stating to the class that they can "pick any scientist other than an 'old dead white guy.'"

(ECF No. 10 at 4). The Court refers to this assignment as the "Chemistry Assignment." Pertinent here, Plaintiffs allege:

> The Plaintiffs' son felt very uncomfortable with an assignment[.] . . . The Plaintiffs notified the District of this issue immediately. From what the Plaintiffs could tell at that time, the District did not take any action to address this issue, even though the assignment completion deadline was still outstanding.
> . . . .
> On December 17, 2021, when the Plaintiffs did not receive any response from the District about their concerns, the Plaintiffs applied for a transfer to another campus for their son and that transfer was granted.
> . . .
> [O]n January 3, 2022, the assistant principal from New Tech High @ Coppell, Ms. Raheela Shaikh ("Shaikh"), handled an alleged report, on a third-party platform for safety reports called StopIt Solutions. ***The allegation was that Plaintiffs' son made a threatening comment a month prior to the report on Discord, a third-party social media group.*** Discord is unaffiliated with the District and is organized and managed by children.
>
> On January 3, 2022, the District Safety and Security Coordinator, Rachel Freeman ("Freeman"), found that the report of the allegation against Plaintiffs' son lacked "imminence[.]"
> . . .
> On January 3, 2022, the local police found that no offense occurred, and filed a written report that same day concluding that the allegation was unfounded.
> . . .
> On January 3, 2022, Shaikh pursued action against Plaintiffs' child in direct opposition of the findings by law enforcement and Freeman, detailed supra. ***The District removed Plaintiffs' son from his campus to a disciplinary placement, despite Plaintiffs providing the written findings of law enforcement and the security officer.***

(ECF No. 10 at 4-5) (emphasis added in bold italics). As referenced above, the record contains both J.E.C.'s threat and the corresponding written report from Coppell Police (Police Report). The threat appears as follows:



(ECF No. 14-1 at 4). The Police Report states, inter alia:

> On 1/3/2022 at approximately 0014 hours, I, Officer J. Duncan, was dispatched to a call from Stop It Solutions, which is tip reporting service utilized by New Tech High School, located at 113 Samuel Blvd, Coppell, Dallas County, Texas. ***A representative of the service, identified as "Agent 3", advised a report was received from an anonymous New Tech High School student stating another student in 10th grade, [J.E.C.], threatened to kill a teacher, Haley Arroyo.*** The information provided also stated New Tech High School contacts Rachel Freeman and Angela Brown were left voicemails regarding the incident.
> . . .
> A search of the teacher's name for New Tech High School showed ***Haley Arroyo to be an Honors Chemistry Teacher.***
> . . . .
> On 1-3-2022, Det. Benson was assigned this case.
> . . . .
> Det. Benson received a phone call from Haley. Haley weas unaware of the social media post. [. . .] ***Benson asked Haley if she had [J.E.C.] in class and she advised yes, but he goes by "[J.E.C.]." Det. Benson asked if she had any issues with him previously. Haley advised she had not.*** Haley advised he was engaged and trying in her class at the beginning of the semester, but had gradually not been performing as well.
> . . . .
> Det. Benson and Sgt. Louderback . . . met with John Campbell (Father), Angela Campbell (Mother), and [J.E.C.] aka "[J.E.C.]". ***From here forward the son will be referred to as [J.E.C.]. Det. Benson showed John and Angela the social media post with the user name. John advised that was his son, [J.E.C.]'s user name.***
> . . . .
> ***[J.E.C.] admitted he posted those comments out of frustration***[.]
> . . . .
> John, Angela, and [J.E.C.] were advised at this time, this incident would be document as an information report and would not be criminal in nature.
> Det. Benson called Haley back and provided her with an update. Det. Benson explained he had spoken with [J.E.C.] and his family regarding the matter. ***Det. Benson explained to Haley that the incident did not arise to a criminal level, but would be documented within the information report.***

(ECF No. 14-1 at 2-3).

### B. CISD Official Policies

As plead, Plaintiffs allege the following regarding CISD Board of Trustee Official Policies:

> Coppell Board Policy Manual contains Policy FO (LEGAL) which states "The board shall adopt a Student Code of Conduct for a district, with the advice of its district-level committee."
>
> . . . .
>
> Coppell Board Policy Manual contains Policy FOC (LEGAL) which states "Before ordering removal to a DAEP [disciplinary alternative education program], the CBC [campus behavior coordinator] must consider whether the student acted in self-defense, the intent or lack of intent at the time the student engaged in the conduct, the student's disciplinary history, and whether the student has a disability that substantially impairs the student's capacity to appreciate the wrongfulness of the student's conduct, regardless of whether the decision of the behavior coordinator concerns a mandatory or discretionary action." This policy contains mitigating factors, none of which addresses a prohibition against the use of discipline with a student as a form of impermissible retaliation for reporting that a teacher engaged in discriminatory conduct towards the student.
>
> Coppell Independent School District 2021-2022 Student Code of Conduct states "The principal and other school administrators as appropriate shall report crimes as required by law and shall call local law enforcement when an administrator suspects that a crime has been committed on campus."

(ECF No. 10 at 9-10). CISD's Student Code of Conduct provides:

> The District's rules of discipline are maintained in the Board adopted Student Code of Conduct and are established to support an environment conducive to teaching and learning. Rules of conduct and discipline shall not have the effect of discriminating on the basis of gender, race, color, disability, religion, ethnicity, or national origin.

(ECF No. 14-1 at 17). Regarding CISD's ability to take disciplinary action, CISD's policies

provide:

> "Disciplinary action" means a suspension, expulsion, placement in an alternative education program, or other limitation in enrollment eligibility of a student.

(ECF No. 14-1 at 9). As for general discipline guidelines, CISD's policies provide, *inter alia*:

> A student shall be disciplined when necessary to improve the student's behavior, to maintain order, or to protect other students, school employees, or property.

(ECF No. 14-1 at 19).

### C. Procedural History

Plaintiffs initiated this litigation on April 11, 2023. (ECF No. 1). As amended in their Second Amended Complaint, Plaintiffs assert claims based on 42 U.S.C. §2000d (Title VI), 20 U.S.C. §1681(a) (Title IX), and 42 U.S.C. §1983. (ECF No. 10). Plaintiffs assert claims of retaliation and discrimination based on J.E.C.'s "race or color and his sex." (ECF No. 10 at 12). CISD now moves to dismiss Plaintiffs' claims in accordance with Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13). Plaintiffs have responded. (ECF No. 15). CISD has replied. (ECF No. 18). Having been fully briefed, the Court enters its determinations hereunder.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. In reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to plaintiff. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). The Court will not accept as true "legal conclusions couched as factual allegations." *Iqbal*, 556 U.S. at 678. "The court's review is

limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000). When allegations contained in the pleadings are contradicted by the contents of an exhibit—attached in accordance with *Lone Star Fund*—the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).[1]

### III. ANALYSIS

#### A. 42. U.S.C. §2000d (Title VI) Claims

"Section 601, Title VI, of the Civil Rights Act of 1964 provides that '[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.'" *Fennell v. Marion Indep. Sch. Dist.*, 804 F.3d 398, 407 (5th Cir. 2015) (quoting 42 U.S.C. § 2000d); *see, e.g.*, *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020) (discussing the same).[2] The Fifth Circuit has considered three theories of liability under Title VI: [(i)] intentional discrimination, [(ii)] harassment or hostile environment

---

[1] In discussing allegations made in a pleading subject to a motion to dismiss challenge, the Fifth Circuit stated:

> If such an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls. *Simmons v. Peavy–Welsh Lumber Co.,* 113 F.2d 812, 813 (5th Cir.), *cert. denied,* 311 U.S. 685, 61 S.Ct. 63, 85 L.Ed. 442 (1940).

*United States. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

[2] It is undisputed that CISD received federal financial assistance.

discrimination, and [(iii)] retaliation. *Sewell*, 974 F.3d at 583. As plead, Plaintiffs proceed on only the theories of intentional discrimination and retaliation, so the Court next addresses these claims.³

i.   *Discrimination under Title VI*

Title VI "'prohibits only intentional discrimination.'" *Bhombal v. Irving Indep. Sch. Dist.*, 809 Fed. Appx. 233, 236 (5th Cir. 2020) (unpublished) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001)). "'[T]o receive compensatory damages, a Title VI plaintiff must prove discriminatory intent.'" *Fennell*, 804 F.3d at 408 (quoting *Canutillo Indep. Sch. Dist. v. Leija,* 101 F.3d 393, 397 (5th Cir.1996)). A complaint that does not set forth "specific allegations of acts that were taken with discriminatory intent" does not state a claim for Title VI violations. *Muthukumar v. Univ. of Tex. at Dallas*, 2010 WL 5287530, at *5 (N.D. Tex. Dec. 27, 2010); *see also, e.g.*, *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 627 (N.D. Tex. 2017) (discussing the same).

CISD argues Plaintiffs fail to plead facts to plausibly show CISD intentionally discriminated against J.E.C. (ECF No. 13 at 15). In response, Plaintiffs aver:

> Plaintiffs complained to Defendant that J.E.C.'s teacher discriminated against J.E.C. because of his race and sex. Dkt. 10 ¶ 11. A month later the assistant principal of J.E.C.'s school alleged that J.E.C. threatened a teacher about a month prior. Dkt.10 ¶ 13. The Defendant's Safety and Security Coordinator found that the report of the allegation against J.E.C. was unfounded. Dkt. 10 ¶ 14. The local police found that no offense occurred, and filed a written report concluding that the allegation was unfounded. Dkt. 10 ¶ 15. The assistant principal pursued disciplinary action against J.E.C. nonetheless, removing him from his campus to a disciplinary campus. Dkt. 10 ¶ 16.

---

³ The terms "harassment" and "hostile environment"—along with the respective lexemes—are absent from Plaintiffs' Second Amended Complaint. (*See* ECF No. 10).

(ECF No. 15 at 5). Plaintiffs direct the Court to no law in support of their Title VI discrimination claim.[4] Absent wholesale conclusory and speculative statements, Plaintiffs do not allege any facts from which the Court can reasonably infer that CISD—or any employee thereof—intentionally discriminated against J.E.C. based on his race, color, or sex.[5] Although CISD refers to J.E.C. as "white" in its briefing, (ECF No. 13 at 15), Plaintiffs' Second Amended Complaint contains no factual statement regarding his color as "white." (ECF No. 10). Nothing in the Second Amended Complaint or correspondent appendix refers to specific facts of J.E.C.'s race. (*See* ECF Nos. 10; 14-1). Although the Second Amended Complaint contains facts that J.E.C. is male, the Second Amended Complaint contains no facts that CISD acted with discriminatory intent based on J.E.C.'s sex. Indeed, as conceded in Plaintiffs' briefing, CISD removed J.E.C. from his campus to a disciplinary campus after investigating a threat J.E.C. made to "fucking kill" his chemistry teacher. (ECF No. 15 at 5; *see* ECF No. 10 at 4-5; ECF No. 14-1 at 2-4). Plaintiffs offer neither argument nor authority as to how such facts constitute intentional discrimination based on sex—or any other basis—and the Court has found none. The Court GRANTS CISD's Motion to Dismiss as to Plaintiffs' Title VI discrimination claims as based on race, color, or sex.

    ii.    *Retaliation Under Title VI*

It is unclear whether a claim for retaliation is available under Title VI in the Fifth Circuit. *Bhombal*, 809 Fed. Appx. at 238 (recognizing other Circuits have recognized such a claim and "assuming, without deciding, that such a claim is available") (unpublished). Nevertheless—

---

[4] Plaintiffs' response brief cites no case law as to any of their claims in their "Legal Authorities and Arguments" section. (ECF No. 15 at 5-6). Plaintiffs refer the Court to piecemeal portions of their Second Amended Complaint as basis for their "legal authority" for the respective claim(s), but the Court declines to consider such piecemeal briefing. (ECF No. 15 at 5-6). Furthermore, even if the Court were to consider the legal authorities included in their pleading, the legal authorities that Plaintiffs include in the Second Amended Complaint do not apply any facts as alleged to the law as argument.

[5] Plaintiffs offer no argument for intersectional discrimination. (*See* ECF No. 15).

assuming without deciding that such a claim exists—to demonstrate retaliation under Title VI, Plaintiffs must demonstrate "'(1) that [J.E.C.] engaged in a protected activity; (2) that [CISD] took a material adverse . . . action against [him], and (3) that a causal connection existed between the protected activity and the adverse action." *Bhombal*, 809 Fed. Appx. at 239 (quoting *Peters v. Jenney*, 327 F.3d 307, 320 (4th Cir. 2003)).[6]

It is unclear what Plaintiffs contend constitute their protected activity in the Title VI retaliation context. As pleaded and briefed, Plaintiffs appear to argue that Plaintiffs "notifi[cation]" to CISD that J.E.C. was uncomfortable with his Chemistry Assignment constituted protected activity. (ECF No. 10 at 4; ECF No. 15 at 5).[7] However, the Second Amended Complaint contains no facts about what comprised this notification to CISD. Furthermore, the result of this notification of J.E.C. being uncomfortable with his Chemistry Assignment—accompanied by an "appli[cation] for a transfer to another campus for their son"—resulted in CISD granting the transfer in December 2021. (ECF No. 10 at 4).[8]

Nevertheless, assuming Plaintiffs engaged in protected activity, Plaintiffs offer no substantive briefing as to what constituted the materially adverse action CISD took against J.E.C. (*See* ECF No. 15 at 5). Instead, Plaintiffs appear to aver that "removal to a disciplinary campus" and "removal of a student from an education program" constituted a materially adverse action, but Plaintiffs offer the Court no law in support. Furthermore, the Second Amended Complaint contains no facts as to how or why CISD's removal of J.E.C. from New Tech High @ Coppell to a

---

[6] 34 C.F.R. 100.7(e) prohibits retaliation under Title VI. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057, at *7 (S.D. Tex. Sept. 30, 2011). To the extent Plaintiffs pleaded an independent claim under 34 C.F.R. 100.7(e), Plaintiff's Title VI retaliation claim subsumes such a claim.

[7] Plaintiffs' briefing as to this claim is scant. (*See* ECF No. 15 at 5-6).

[8] Neither the Second Amended Complaint nor any document in the appendix contains facts of the campus CISD agreed to transfer J.E.C. before the threat of violence investigation.

"disciplinary placement" constituted a materially adverse action as to J.E.C. (ECF No. 10). Instead, Plaintiffs offer repeated conclusory statements:

> The course of [J.E.C.]'s education was negatively and irreparably altered. He was permanently scarred emotionally and mentally[.]
> . . .
> Such emotional and mental harm resulted from Plaintiff J.E.C. not being able to receive and benefit from the educational opportunities offered to the other students in J.E.C.'s District, not being eligible for school in the State of Texas due to the retaliatory placement order, his mother's resignation from the District, and the sale of his childhood home.
>
> Further, the retaliatory placement order such continues to prevent Plaintiff J.E.C. from being able to receive and benefit from the educational benefits offered to the other students not only within the district, but the State of Texas in its entirety, causing persistent emotional and mental harm.

(ECF No. 10 at 5-6). Although Plaintiffs argue in their briefing J.E.C. was removed from "an education program," "academic program and all school-sponsored and school related activities," Plaintiffs direct the Court to no part of the Second Amended Complaint that contains such facts. (ECF No. 15 at 5). The Second Amended Complaint contains no corresponding facts. (*See* ECF No. 10). Thus, the Court must conclude Plaintiffs have not demonstrated the second element of their Title VI retaliation claim.

Assuming *arguendo* Plaintiffs had shown the first and second element of the Title VI retaliation claim, Plaintiffs pleadings do not support the third element of whether a causal connection existed between the protected activity and the adverse action. *See Bhombal*, 809 Fed. Appx. at 239. The Second Amended Complaint is rife with "belie[fs]" that correspond to retaliation, (*see* ECF No. 10 at 2, 5), but Plaintiffs fail to allege any facts to support such allegations. (ECF No. 10). In response documentary evidence of J.E.C.'s threat to "fucking kill" his chemistry teacher and the correspondent Police Report as cause for J.E.C.'s disciplinary placement as a violation of CISD's Student Code of Conduct, Plaintiffs offer no controversy,

objection, or argument. Thus, those exhibits control. *United States ex rel. Riley*, 355 F.3d at 377. The record shows no causal connection between Plaintiffs' notification to CISD about J.E.C.'s discomfort with his Chemistry Assignment—nor any other assumed protected activity—with CISD's decision to remove J.E.C. from his campus to a disciplinary placement. Instead, the record and pleadings show CISD disciplined J.E.C. with a disciplinary placement after he threatened to kill his chemistry teacher—a form of discipline CISD's policies permit to protect school employees. (ECF Nos. 10; 14-1); *see generally Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 648 (1999) ("[C]ourts should refrain from second-guessing the disciplinary decisions made by school administrators.") (internal quotation omitted); *see, e.g.*, *Menzia v. Austin Indep. Sch. Dist.*, 47 F.4th 354, 364 (5th Cir. 2022) (discussing the same in the context of deliberate indifference standard under Title IX). Plaintiffs have not demonstrated the third element for a Title VI retaliation claim. For those reasons, the Court GRANTS CISD's Motion to Dismiss as to Plaintiffs' Title VI retaliation claim.

### B. 20 U.S.C. §1681(a) (Title IX) Claims

"Title IX [20 U.S.C. §1681(a)][9] was modeled after Title VI and bans sex discrimination in educational programs receiving federal funds;" courts "interpret these kindred statutes in the same fashion." *Sewell*, 974 F.3d at 583 (citing 20 U.S.C. § 1681(a)) (internal citation omitted). Title IX states that no person "shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a); *see Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020) (discussing the same). The Supreme Court has recognized that Title IX is

---

[9] Courts refer to "20 U.S.C. § 1681(a)" and "Title IX," interchangeably. *See, e.g.*, *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 159 (5th Cir. 2011)

enforceable through an individual's private right of action. *See Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. at 639 (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 691 (1979) and *Franklin v. Gwinnett Cty. Public Schs.*, 503 U.S. 60 (1992)). "The Supreme Court has held that the private right of action implied by Title IX includes claims of retaliation 'where the funding recipient retaliates against an individual because he has complained about sex discrimination.'" *Trudeau v. Univ. of N. Tex., By & Through its Bd. of Regents*, 861 Fed. Appx. 604, 607 (5th Cir. 2021) (unpublished) (quoting *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005)). CISD argues none of Plaintiffs' claims under Title IX are plausible. (ECF No. 13 at 16-18). In response, Plaintiffs offer no substantive argument or citation to authority in support of their Title IX claims. (*See* ECF No. 15 at 5-6).[10]

i. *Discrimination Under Title IX*

Similar to claims under Title VI, Title IX liability attaches "only for *intentional* sex discrimination." *Doe*, 964 F.3d at 358 (internal citation omitted) (emphasis in original). "There are two avenues for stating a Title IX claim." *Poloceno v. Dallas Indep. Sch. Dist.*, 826 Fed. Appx. 359, 362 (5th Cir. 2020) (unpublished). "First, a plaintiff can show that the institution has an official policy of sex discrimination." *Poloceno*, 826 Fed. Appx. at 362 (citing *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 290 (1998)). "[S]econd, a plaintiff can show a Title IX violation where an 'appropriate person' had 'actual knowledge of the discrimination' and responded with 'deliberate indifference.' *Poloceno*, 826 Fed. Appx. at 362 (citing *Gebser*, 524 U.S. at 290.). The Fifth Circuit has explained:

> And while Title IX covers "diverse forms" of such of discrimination[] . . . it is not easy to prove an intentional violation of Title IX. Boiled down, Title IX requires actual notice to an "appropriate person" and "an opportunity for voluntary compliance."[]

---

[10] Plaintiffs' briefing as to their Title IX claims is scant. (*See* ECF No. 15 at 5-6).

*Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020) (footnotes omitted).

Here, Plaintiffs' Second Amended Complaint contains no facts that CISD has an official policy of sex discrimination, and Plaintiffs' briefing offers no such argument. (ECF Nos. 10; 15). The Second Amended Complaint contains no facts that show CISD engaged in discrimination based on sex. (*See* ECF No. 10). However, assuming *arguendo* sex-based discrimination occurred, the Second Amended Complaint contains no facts that an 'appropriate person' had 'actual knowledge of the discrimination' and responded with 'deliberate indifference.' *See Poloceno*, 826 Fed. Appx. at 362 (citing *Gebser*, 524 U.S. at 290). Plaintiffs briefing offers no legal authorities in support of their claims.[11] At this motion to dismiss stage, Plaintiffs have no pled facts that demonstrate intentional sex discrimination sufficient to allege a plausible claim of discrimination under Title IX. The Court GRANTS CISD's Motion to Dismiss as to Plaintiffs' Title IX discrimination claim.

ii.   *Retaliation Under Title IX*

Similar to a claim under Title VI, "[t]o establish a prima facie case of retaliation under Title IX, a plaintiff must show that (1) he engaged in a protected activity; (2) he was subjected to an adverse employment action, and (3) 'a causal link exists between the protected activity and the adverse employment action.'" *Trudeau*, 861 Fed. Appx. at 607–08 (quoting *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014)) (internal quotation omitted, collecting cases).[12] As discussed above in addressing Plaintiffs' Title VI retaliation claim, Plaintiffs' Second Amended Complaint does not show facts to support the second or third element(s) of that claim. The elements of

---

[11] Plaintiffs cite no cases in support of these claims under Title IX. (*See* ECF No. 15 at 5-6).

[12] 34 C.F.R. 106.71(a) prohibits retaliation under Title IX. *See Owens v. Louisiana State Univ.*, No. CV 21-242-WBV-SDJ, 2023 WL 2108190, at *11 (M.D. La. Feb. 17, 2023). To the extent Plaintiffs pleaded an independent claim under 34 C.F.R. 106.71(a), Plaintiffs' Title IX retaliation claim subsumes such a claim.

Plaintiffs' retaliation claim under Title VI and Title IX are identical. *Compare Bhombal*, 809 Fed. Appx. at 239 (addressing Title VI retaliation) *with Trudeau*, 861 Fed. Appx. at 607–08 (addressing Title IX retaliation). Thus, the Court reaches the same result—dismissal—in the Title IX context for the same reasons the Court dismissed Plaintiffs' Title VI retaliation claim, hereabove. The Court pretermits further discussion of this claim as cumulative. The Court GRANTS CISD's Motion to Dismiss as to Plaintiffs' Title IX retaliation claim.

### C. 42 U.S.C. § 1983 Claims

Northern District of Texas Civil Local Rule 7.1(e) instructs that "[a] response and brief to an opposed motion must be filed within 21 days from the date the motion is filed." N.D. Tex. Civ. Loc. R. 7.1(e). A party who fails to pursue a claim beyond its initial pleading may waive or abandon the claim. *Black v. N. Panola School Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[Plaintiff] further failed to defend her retaliatory abandonment claim in both responses to the defendant's motion to dismiss."). Thus, a party's failure to defend a claim in the response to a motion to dismiss constitutes abandonment. *See Matter of Dallas Roadster, Ltd.*, 846 F.3d 112, 126 (5th Cir. 2017) (concluding plaintiff's failure to respond to defendant's argument in a motion to dismiss constituted abandonment) (citing *Black*, 461 F.3d at 588 n.1); *see, e.g.*, *Vela v. City of Houston*, 276 F.3d 659, 678-79 (5th Cir. 2001) (discussing abandonment of theories of recovery and defenses when such theories were not presented to the trial court).

Here, Plaintiffs have responded to CISD's Motion to Dismiss, (ECF No. 15), but Plaintiffs' response contains no briefing, argument, or any other response as to their § 1983 claims. (ECF No. 15).[13] Plaintiffs have failed to respond to the challenge to those claims pleaded under § 1983. Thus, Plaintiffs have abandoned those claims. *See Black*, 461 F.3d at 588 n.1; *Matter of Dallas Roadster*,

---

[13] The term § 1983 and its lexemes do not appear anywhere in Plaintiff's briefing. (ECF No. 15).

*Ltd.*, 846 F.3d at 126; *Vela*, 276 F.3d at 678-79.[14] The Court GRANTS CISD's Motion to Dismiss as to Plaintiffs' § 1983 claims.

## IV. CONCLUSION

For the reasons enumerated hereabove, Plaintiffs' claims asserted under 42. U.S.C. §2000d (Title VI); 20 U.S.C. §1681(a) (Title IX); and 42 U.S.C. § 1983 are dismissed. Plaintiffs have no remaining claims. The Court shall follow with a final judgment. *See* Fed. R. Civ. P. 54.

**SO ORDERED.**

7th day of March, 2024.

ADA BROWN
UNITED STATES DISTRICT JUDGE

---

[14] *See also, e.g.*, *JMCB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018) ("[F]ailure to brief an argument in the district court waives that argument in that court.") (quoting *Magee v. Life Ins. Co. of N. Am.*, 261 F. Supp. 2d 738, 748 n.10 (S.D. Tex. 2003)) (citations omitted); *Kellam v. Servs.*, No. 12-352, 2013 WL 12093753, at *3 (N.D. Tex. May 31, 2013), *aff'd sub nom. Kellam v. Metrocare Servs.*, 560 F. App'x 360 (5th Cir. 2014) ("Generally, the failure to respond to arguments constitutes abandonment or waiver of the issue.") (citations omitted); *Mayo v. Halliburton Co.*, No. 10-1951, 2010 WL 4366908, at *5 (S.D. Tex. Oct. 26, 2010) (granting motion to dismiss breach of contract claim because plaintiff failed to respond to defendants' motion to dismiss on this issue and thus waived the argument).